ASH

**WO**

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Evan J. Myers,<br>　　　　　Petitioner,<br>vs.<br>Unknown Party,<br>　　　　　Respondent. | No. CV 14-1728-PHX-DGC (JFM)<br><br>**ORDER** |

Petitioner Evan J. Myers, who is confined in the Maricopa County Lower Buckeye Jail, has filed a *pro se* Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to Proceed *In Forma Pauperis* (Doc. 2). The Court will dismiss the Petition without prejudice.

Petitioner appears to challenge government action in CR 2014-013519, CR 2014-030206, and CR 2014-109895, which are Arizona state criminal proceedings that appear to be on-going, have yet to proceed to trial, and do not appear to have resulted in any convictions or sentences of imprisonment.[1] Before a federal court may grant habeas relief to a state prisoner, the prisoner must exhaust remedies available in the state courts. 28 U.S.C. § 2254(b)(1); *O'Sullivan v. Boerckel*, 526 U.S. 838, 842 (1999). In Arizona, a petitioner sentenced to less than the death penalty may exhaust his federal claims by presenting them in a procedurally proper way to the Arizona Court of Appeals on direct appeal and/or in post-conviction proceedings, without seeking discretionary review in the

---

[1] Indeed, Petitioner states that there are no convictions and sentences "at the present time" that he is challenging. (Doc. 1 at 2).

Arizona Supreme Court. *Crowell v. Knowles*, 483 F. Supp. 2d 925, 928-30, 933 (D. Ariz. 2007) (following 1989 statutory amendment, Arizona Court of Appeals has jurisdiction over criminal convictions involving less than a death sentence); *cf. Swoopes v. Sublett*, 196 F.3d 1008, 1010 (9th Cir. 1999) (citing pre-1989 statute). To exhaust a claim, a petitioner must describe "both the operative facts and the federal legal theory on which his claim is based so that the state courts [could] have a 'fair opportunity' to apply controlling legal principles to the facts bearing upon his constitutional claim." *Castillo v. McFadden*, 399 F.3d 993, 999 (9th Cir. 2005) (quoting *Kelly v. Small*, 315 F.3d 1063, 1066 (9th Cir. 2003), *overruled in part on other grounds by Robbins v. Carey*, 481 F.3d 1143 (9th Cir. 2007)). The failure to exhaust subjects the Petitioner to dismissal. *See Gutierrez v. Griggs*, 695 F.2d 1195, 1197 (9th Cir. 1983).

If a prisoner has a direct appeal or initial petition for post-conviction relief pending in state court, the federal exhaustion requirement is not satisfied. *See Sherwood v. Tomkins*, 716 F.2d 632, 634 (9th Cir. 1983) (pending appeal); *Schnepp v. Oregon*, 333 F.2d 288, 288 (9th Cir. 1964) (pending post-conviction proceeding); *see also Henderson v. Johnson*, 710 F.3d 872, 874 (9th Cir. 2013) ("*Sherwood* stands for the proposition that a district court may not adjudicate a federal habeas petition while a petitioner's direct state appeal is pending."). The prisoner must await the outcome of the pending state-court challenge before proceeding in this court, "even where the issue to be challenged in the writ of habeas corpus has been finally settled in the state courts." *Sherwood*, 716 F.3d at 634. The pending state-court proceeding could affect the conviction or sentence and, therefore, could ultimately affect or moot these proceedings. *Id.*

Because Petitioner is not challenging any conviction or sentence he has received in the above-mentioned state proceedings, the Court will deny the Petition without prejudice as premature and order the Clerk of Court to close this case.

**IT IS ORDERED:**

(1) Petitioner's Petition for Habeas Corpus (Doc. 1) and this case are **dismissed without prejudice** as premature.

1  (2) Petitioner's Application to Proceed *In Forma Pauperis* (Doc. 2) is **denied** as moot.

2  (3) The Clerk of Court must enter judgment accordingly and close this case.

3  (4) Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases, in the event Petitioner files an appeal, the Court declines to issue a certificate of appealability because reasonable jurists would not find the Court's procedural ruling debatable. *See Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Dated this 12th day of September, 2014.

_____
David G. Campbell
United States District Judge